IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JAY WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:25-CV-16-RWS-JBB |
| | § | |
| BOWIE COUNTY SHERIFF'S OFFICE, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Plaintiff Jay Williams, an inmate of the Henderson County Jail proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983 complaining of alleged deprivations of his constitutional rights. The case was referred to United States Magistrate Judge Boone Baxter in accordance with 28 U.S.C. § 636.

On February 18, 2025, the Magistrate Judge issued a Report and Recommendation, recommending that Plaintiff's above-styled civil rights lawsuit be dismissed without prejudice as barred by sanctions and for failure to state a cognizable claim. Docket No. 2. A copy of this Report was sent to Plaintiff at his last known address, but no specific objections have been filed to date.[1] The Fifth Circuit has explained that where a letter is properly placed in the United States mail, a presumption exists that the letter reached its destination in the usual time and was actually

---

[1] On March 10, 2025, the Court received a "notice" from Plaintiff, wherein Plaintiff states that the Magistrate Judge cannot override the United States Constitution and that the clerk is instructed to contact Plaintiff's lawyers "having POA for payment." Docket No. 3. On March 18, 2025, the Court received a second "notice" from "Judge Jay Williams," wherein Plaintiff moves for a pretrial conference. Docket No. 4. Plaintiff does not reference the February 18, 2025 Report in either notice. Therefore, the Court does not construe either notice as objections to the Report. However, even if the Court were to construe Plaintiff's notice(s) as objections, the Court would find the objections without merit.

received by the person to whom it was addressed. *Faciane v. Sun Life Assurance Company of Canada*, 931 F.3d 412, 420–21, n.9 (5th Cir. 2019).

Because no specific objections have been received, Plaintiff is barred from *de novo* review by the District Judge of the Magistrate Judge's proposed findings, conclusions and recommendations. Moreover, except upon grounds of plain error, an aggrieved party is barred from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *See Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, Case No. 4:21-CV-00203-RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021).

The Court has reviewed the pleadings in the above-captioned case and the Report and Recommendation of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law"). Accordingly, it is

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 2) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Plaintiff's above-styled civil rights lawsuit is **DISMISSED WITHOUT PREJUDICE** as barred by sanctions and for failure to state a cognizable claim. Plaintiff may refile such civil actions as he believes appropriate by doing so through a licensed attorney enrolled to practice in the Eastern District of Texas and upon payment of the full filing fee.

Page 3 of 3

**So ORDERED and SIGNED this 2nd day of April, 2025.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE